# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY WILLIAMS,** | : | CIVIL NO. 1:CV-13-0849 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY PRISON,** | : | |
| et al., | : | |
| Defendants | | |

## MEMORANDUM

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Gary Williams, an inmate confined at the Lackawanna County Prison ("LCP"), Pennsylvania. Currently before the Court and ripe for consideration is Defendants' motion to dismiss a supplemental complaint filed by Williams. Also pending are Williams' motions to correct his original complaint (Doc. No. 22) and for a scheduling order/discovery (Doc. No. 24). For the reasons that follow, the supplemental complaint will be stricken from the record, and Defendants' motion to dismiss the supplemental complaint will be denied as moot. Williams' motion to correct his complaint will be granted, and the motion for a scheduling order/discovery will be denied as premature.

## I. Background

Williams claims that while confined as a pretrial detainee at LCP his legal mail was opened outside of his presence on several occasions. Named as Defendants are the Lackawanna County Prison and LCP employees Warden Robert McMillan, Correctional Officer Laboronti, and Sergeant Hebron. He alleges on December 5, 2012, he received a piece of opened legal mail from Defendant Laboronti for the fourth time in three weeks. All letters were sent from the U.S. District Court and two of the envelopes were marked "Special Mail, Not to Be Opened Outside the Presence of the Inmate." (Doc. No. 1, Compl. at 1.) Williams had previously filed a

grievance with respect to this issue, and thereafter spoke with Defendant Hebron about the matter. Hebron told Williams that Defendant Laboronti should not have opened the mail even though it was rubber-stamped. Williams filed a second grievance on December 5, 2012.

The following day, Laboronti stopped Williams to show him a piece of unopened legal mail stamped "legal mail," and informed Williams that he was permitted to open any mail that did not have a similar stamp. Williams claims that the legal mail opened outside of his presence did contain such stamps. According to Plaintiff, the legal mail opened by Laboronti was related to prisoner litigation naming Defendant McMillan as a defendant.

In construing Williams' complaint liberally, he alleges that LCP failed to properly train the mailroom correctional officers, and that Defendants' conduct violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. He claims that Defendants McMillan and Hebron did nothing to change the repeated violation of his rights.

Following service of the complaint, Defendants filed a motion to dismiss and a brief in support thereof. Instead of filing any opposition to the motion, Williams submitted a document entitled "Supplemental Amended Complaint" (Doc. No. 19). Defendants thereafter filed a motion to dismiss the Supplemental Amended Complaint (Doc. No. 20). This motion is fully briefed. Williams also filed a motion seeking to correct two (2) typographical errors in his original complaint (Doc. No. 22). He has also filed a motion seeking the issuance of a scheduling order to allow discovery in this matter. (Doc. No. 24.)

**II. Discussion**

    A. Supplemental Amended Complaint

    On July 3, 2013, Williams filed a document entitled "Supplemental Amended

Complaint." (Doc. No. 19.) In reviewing this filing, it is clear his main purpose is to supplement his complaint with the affidavit of Michael Midgley, a fellow inmate at LCP. The affidavit sets forth details with respect to Mr. Midgley's own experiences of tampering with legal mail while confined at LCP. Williams contends that there are most likely many more plaintiffs that could be uncovered through discovery and could join his lawsuit. He further argues that his complaint could be supplemented with many other civil rights violations that may be uncovered through the use of discovery tools.

For the following reasons, the Clerk of Court will be directed to strike the supplemental complaint from the record. First, pursuant to Fed. R. Civ. P. 15(d), it is only on motion and reasonable notice that the court will permit a party to serve a supplemental pleading. Williams has not filed a motion requesting leave to file a supplemental complaint. Even if he had, any supplemental complaint must set forth any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The claims contained in Williams' submission do not set forth events related to the allegations in Williams' complaint that occurred subsequent to his complaint. Rather, he seeks to submit an affidavit of a fellow inmate documenting alleged violations of said inmate's constitutional rights. Willims further requests permission to conduct discovery in an attempt to unearth any other civil rights violations that may have occurred to other inmates at LCP. This is not a proper basis for a supplemental complaint. Accordingly, the Clerk of Court will be directed to strike this filing from the record and return it to Williams. In addition, Defendants' pending motion to dismiss he supplemental complaint (Doc. No. 20) will be denied as moot.

B. Other pending motions

Also pending is Williams' "Motion to Correct Typo Within Plaintiff's Original Complaint." (Doc. No. 22.) In two (2) places in his complaint, Williams seeks to replace the words "right of court access" and "access to the court" with "1st Amendment." Specifically, the words appear in the complaint under the section entitled "Undisputable Facts" in paragraphs 4 and 16, respectively. The Court will permit these corrections, as it is clear in reading the complaint as a whole that Williams intended to refer to the First Amendment. In light of this correction, Defendants will be afforded fourteen (14) days within which to supplement their pending motion to dismiss to set forth any additional arguments they wish to advance. Following the filing of any supplemental brief, Williams will have fourteen (14) days within which to submit his opposition to Defendants' motion to dismiss. Williams' request for the issuance of a scheduling order to set forth discovery deadlines (Doc. No. 24) will be denied as premature pending the resolution of the motion to dismiss. An appropriate order follows.